

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable A. O. Willman, Director
Veterans' State Service Office
Austin, Texas

Dear Sir:

Opinion No. O-6557
Re: Adoption papers legally
executed on August 11, 1930,
took effect from that date
rather than from July 1,
1932, when same were record-
ed under facts stated.

     Your letter of June 26, 1945, enclosing a copy of
the adoption papers dated August 11, 1930, and signed by Ray
Snipes and wife, Mrs. Letha Snipes under which they adopted
the minor "Baby Clarence Irwin" received and it has been given
our careful consideration. In addition to information con-
tained in your letter you have stated to me personally that
after the child who was an infant was adopted on August 11,
1930, Mr. and Mrs. Snipes took him and looked after him and
cared for him the same as though he was their child and held
out to the public that he was their adopted child. On Decem-
ber 13, 1930, Mr. Snipes died and since his death Mrs. Letha
Snipes has kept the child and he has been her constant care
and she has at all times held him out to the public as being
the adopted child of her and her deceased husband. You further
state that after the death of Mr. Snipes, Mrs. Letha Snipes had
the adoption papers recorded on July 16, 1932, in Brown County,
the residence of Mr. and Mrs. Snipes at the time the adoption
papers were signed.

     Under the above facts you ask the following ques-
tion:

     "I will appreciate your furnishing me an
opinion as to the legal date of the adoption of
said minor; whether on August 11, 1930, the date

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

of adoption on July 11, 1932 the date of record-
ing said adoption."

In the case of Cubley v. Parbee, 73 S. W. (2d) 72,
the Supreme Court of Texas speaking through the late Chief
Justice Cureton, discussed at length the various phases of the
adoption law as it existed in 1930. The adoption papers in
said case having been executed under the law as it existed at
that time.

In said case it appears that Mr. and Mrs. Y. F. Thyng
signed and executed adoption papers under the terms of which they
adopted Jessie Patridge. The adoption papers were never filed
for record and had been lost. The contents however were fully
established by witnesses. The contention was made in said case
among others that the adoption papers were void and of no effect
because they had not been recorded as provided by law. In his
opinion the Court stated:

"(1-3) * * * The evidence * * * leaves no room
for doubt that the paper executed by Mr. and Mrs.
Thyng was one adopting Jessie as an heir under the
statutes and was not an agreement to make a will.
* * * Such statements and admissions by Mrs. Thyng
in this case, taken in connection with her acts and
conduct as an adoptive mother with and toward Jessie,
and theacts of the latter as a member of her house-
hold, were sufficient within themselves to establish
the fact of adoption." (cites authorities)

"(4-5) * * * On the whole it seems to us that
the evidence conclusively shows that the instrument
executed by Mr. and Mrs. Thyng at Chicago was an
adoption deed and not one of a testamentary character.

"(6-7) As shown by the judgment of the trial
court, that tribunal held that the deed of adoption
was to be enforced in this case just as though it
had been filed with the county clerk of Dallas county.
With this conclusion we agree, although under our
view of the case the instrument was intended to be
a mere statutory adoption of an heir, and therefore
the lawful claim of Mrs. Cubley can extend only to
one-fourth of theestate left by her foster mother,
instead of one-half, as declared by the trial court.

Hon. O. A. Willman, Page 3

> * * * We think that the adoption deed should be given effect just as though it had been in fact filed as provided by law. * * *"

The opinion of the Supreme Court in the above case is long and exhaustive. It would serve no useful purpose to copy further at length therefrom.

It is our opinion based upon said authority which has been quoted with approval by the Courts several times since that the papers of adoption signed by Mr. and Mrs. Snipes on August 11, 1930, which are in strict conformity with the adoption law as it existed at that time, had the effect to and did result in the adoption of the minor as and of the date same was executed, namely, August 11, 1930.

Yours very truly

ATTORNEY GENERAL OF TEXAS

/s/

Geo. W. Barcus
Assistant

By

GWB:fb:ddt

Approved July 7, 1945
Carlos C. Ashley
First Assistant
Attorney General

Approved Opinion
Committee
By B. W. B.
Chairman